
RECEIVED
IN ALEXANDRIA, LA
JUN 13 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| BART S. JARBOE | CIVIL ACTION NO.: 04-CV-1146; SEC. P |
|---|---|
| VERSUS | JUDGE DRELL |
| RANDY MAXWELL, ET AL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a Motion for Summary Judgment (#27) filed by pro se plaintiff Bart S. Jarboe ("Jarboe") and a Cross Motion for Summary Judgment (#29) filed by defendant George Byrnes ("Byrnes"). Jarboe's pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983. Jarboe filed suit against Concordia Parish Sheriff Randy Maxwell, Warden Russell Butler of the Concordia Parish Correctional Facility, and a "Lt. Byrnes." Maxwell and Butler were dismissed from the lawsuit, with prejudice, based on frivolity and failure to state a claim upon which relief could be granted.

A summons was issued and service was made on Lt. Kenneth Byrnes on June 3, 2005. An answer was timely filed by that defendant, as well as an opposition to Jarboe's motion for summary judgment and a cross-motion for summary judgment. Kenneth Byrnes argued that he should be granted summary judgment because he was not even employed at the Concordia Parish Correctional Facility at the time in question. (Doc. #29.) It was subsequently discovered that the "Lt. Byrnes" who was employed at the correctional facility

at the relevant time was actually Lt. George Byrnes. Thereafter, George Byrnes filed an opposition to Jarboe's motion for summary judgment, as well as a cross motion for summary judgment.

FACTS

Jarboe alleges that, on June 13, 2003, he was attacked in his cell by several inmates. (Doc. #1.) Jarboe claims that he was lying in his bunk and coughing when inmate Bell made threatening statements to him. Jarboe got out of his bunk to inform an officer that Bell was threatening him. Jarboe claims that Bell approached him with his hands up and, when he saw that Jarboe "was prepare to defend myself," Bell signaled for others to attack Jarboe. (Doc. #1, p.6.) Jarboe alleges that he was first hit from behind, in his right jaw/ear area. Then, "a flurry of punches ensued" and Jarboe "realized many people were attacking [him]." (Doc. #1, p.6.) Jarboe was kicked in the head, face, and body. Finally, security officers entered the area.

Jarboe claims that, after the guards arrived, Bell was "pushing a broom coming towards me" and Jarboe approached him "to make sure he was one of the attackers." Jarboe states that, after confirming that Bell was one of the attackers, he turned around and took three or four steps toward the officers. At that time, Lt. Byrnes shot him in the left arm with a Taser gun. The shot caused Jarboe to fall to the ground and release his bowels. He was then handcuffed and taken to receive medical treatment. (Doc. #1, p.7.) Jarboe states that he received three stitches below his right eye

as well as medical care for a number of scrapes and bruises and that the shot from the Taser caused his blood pressure to rise.

Jarboe alleged that, upon returning to the prison, he was placed in look down until approximately June 16, 2003, when he was taken to disciplinary court. He was found not guilty on a charge of fighting and was found guilty of defiance. He was sentenced to fifteen days in lock down.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, the record reflects that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 255 (1986); Price v. Federal Exp. Corp., 283 F.3d 715, 719 (5th Cir. 2002). Summary judgment is granted when a party fails to establish the existence of an element essential to the case and on which that party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record that highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992), cert.den., 506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46. If the moving party carries its burden under Rule 56(c), the burden shifts and the opposing party must direct the court's attention to specific evidence in the record that

demonstrates that it can satisfy a reasonable jury that it is entitled to a verdict in its favor. See Anderson, 477 U.S. at 252. A mere scintilla of evidence will not satisfy the opposing party's burden. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

## LAW AND ARGUMENT

Jarboe claims that his constitutional rights were violated by the use of excessive force, specifically, being shot with a Taser gun by Byrnes. "In making and carrying out decisions involving the use of force to restore order in the face of a prison disturbance, prison officials undoubtedly must take into account the very real threats the unrest presents to inmates and prison officials alike, in addition to the possible harms to inmates against whom force might be used." Whitley v. Albers, 475 U.S. 312, 326-322 (U.S. 1986). Prison officials have the responsibility of ensuring the safety of the prison staff, administrative personnel, and visitors, as well as the "obligation to take reasonable measures to guarantee the safety of the inmates themselves." Id. In this case, a fight ensued between Jarboe and Bell, involving other prisoners, as well. According to the incident reports, which were submitted by Jarboe, it is evident that Byrnes used a reasonable measure to guarantee the safety of the guards and other inmates.

First, Jarboe submitted the disciplinary report filed by Officer Darryl Sloan. (Doc. #34, p.2.) Sloan stated that he was attempting to escort Jarboe out of E-dorm following an altercation

between Jarboe and Bell. Jarboe jerked away from Officer Sloan in an attempt to strike Bell. (Doc. #34, p.2.) Lt. Byrnes deployed the Taser in order to subdue and restrain Jarboe. Jarboe was then escorted to the medical unit to receive treatment for injuries sustained in the fight. (Doc. #34, p.2.)

Jarboe also submitted the disciplinary report of Derrick Freeman. Freeman indicated that Jarboe had been attacked by three inmates in Echo Dorm. After the assault, Jarboe pulled away from Officer Sloan and "threw a punch" at Bell. Byrnes deployed the Taser and Jarboe was subdued and restrained. (Doc. #34, p.3.)

Additionally, the defendant, George Byrnes, submitted an affidavit stating that he entered the dorm area to separate the inmates. He stated that Jarboe jerked away from officer Darryl Sloan, and attempted to strike inmate Bell. At that time, Byrnes deployed a Taser in order to subdue Jarboe. (Doc. #37, p.4.)

In order to survive summary dismissal, a plaintiff must allege facts which, if proved, establish that: (1) he suffered a significant injury; (2) resulting directly and only from the use of force that was clearly excessive to the need for force; and (3) the force used was objectively unreasonable. See Goodson v. City of Corpus Christi, 202 F.3d 730, 740 (5th Cir. 2000). The court must view the totality of circumstances from the standpoint of a reasonable officer on the scene, paying particular attention to "whether the suspect posed an immediate threat to the safety of the officers or others." Stroik v. Ponseti, 35 F.3d 155, 157-58 (5th

Cir. 1994), *cert. denied*, 514 U.S. 1064 (1995).

According to the Supreme Court, "the question whether the measure taken [by the prison guard] inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. Based on the two reports submitted by Jarboe as well as the affidavit of Geroge Byrnes, which is consistent with the disciplinary reports, it is evident that the facts material to a determination of whether the use of force was excessive are not in dispute. Thus, the undisputed summary-judgment evidence indicates that the force applied by Byrnes was objectively reasonable and not excessive.

Furthermore, Jarboe has not established that he suffered a significant injury as the result of the Taser deployment. Jarboe alleges that he received three stitches from the altercation with Bell, but the only injury alleged from Byrnes actions is that Jarboe's blood pressure was high and he could not be released from the hospital immediately; rather, he had to wait until his blood pressure stabilized. (Doc. #1, p.7.)

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Jarboe's Motion for Summary Judgment (Doc. #27) be DENIED and that Byrnes' Cross Motion for Summary Judgment (Doc. #29) be GRANTED as there is no genuine issue of material fact in dispute, and Byrnes

is entitled to judgment as a matter of law.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 13th day of June, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE